UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY HOUSE,

    Plaintiff(s),

v.

CITY OF DEARBORN, ET AL.,

    Defendant(s).
_____/

Case No. 04-70462

Honorable Nancy G. Edmunds

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [63]**

This is a § 1983 case in which the Plaintiff alleges violations of the Fourth and Fourteenth Amendments. Defendants have brought a motion seeking summary judgment. Because the Court finds that there is not a genuine issue of material fact and for the reasons stated more thoroughly below, the Court GRANTS the motion.

**I.  Factual and Procedural History**

On July 3, 2002, Plaintiff Jeremy House ("Plaintiff") traveled by bus to see his mother. (House Dep. at 30.) Because there is not a direct route, Plaintiff was required to stop and make a transfer at Fairlane Town Center ("Fairlane"), a shopping mall. (Id. at 31.) While waiting for the next bus, Plaintiff was engaged in a conversation with a Fairlane security guard. (Id. at 33.) He was then approached by Dearborn police officers and an argument ensued. (Id. at 34-36.)

Defendant Donald Wilcox ("Wilcox"), the liaison officer between the Dearborn Police Department and Fairlane, was one of the officers at the scene. (Wilcox Dep. at 15.)[1] After learning Plaintiff's name, Wilcox performed a search on the Law Enforcement Information Network ("LEIN"). (Id. at 22-23.) The LEIN report showed that Plaintiff had an outstanding warrant for a misdemeanor disorderly conduct charge. (Id.) Wilcox initially decided not to immediately arrest Plaintiff, provided he leave the premises. (Id. at 24-25.) However, after Plaintiff continued a "verbal tirade" that was "laced with profanities" against Wilcox and the Fairlane officers, Wilcox arrested and handcuffed Plaintiff. (Id. at 24-27.)

Because Plaintiff's motorized wheelchair could not fit in Wilcox's vehicle, he had the Fairlane security personnel transport Plaintiff to the Dearborn police station. (Id.) Defendant Khoder El-Hallani ("El-Hallani") and Officer Kos, Fairlane officers at the scene, drove Plaintiff to the station. (El-Hallani Dep. at 34-36.) Plaintiff was put in the vehicle by Wilcox and other Fairlane security officers. (Id. at 35.) Dearborn police officers took him out. (Id. at 49.) El-Hallani testified that he did not assist. (Id. at 49-50.)[2]

---

[1]   According to Wilcox, he was responding to a radio transmission about an intoxicated African-American male in a wheelchair. (Wilcox Dep. at 16.) Plaintiff fits this description.

[2]   Plaintiff argues that this testimony is contradicted by Wilcox. Specifically, he claims that Wilcox testified that he "knew Mr. House was removed from the vehicle by Fairlane Town Center Officers." (Pl.'s Resp. Br. at 6 (citing Wilcox Dep. at 33).) This is not accurate. Wilcox testified as follows:

Q:   Do you know who took Mr. House out of the white vehicle by which he was transported to Dearborn Police Department?
A:   I don't know.
Q:   You don't know whether it would have been one of the Fairlane Town Center's --
A:   It was the Town Center security, but I don't recall which individuals were involved in that.
Q:   Were there Dearborn Police officer assisting them?

Plaintiff filed a complaint against the city of Dearborn, Wilcox and other Dearborn Police officers, Fairlane, El-Hallani, Thomas Favazza,³ and other "John Doe" security officers. Plaintiff alleges that he was deprived of "liberty and bodily security . . . without due process of law" and was subject to "unreasonable searches and seizures." (Am. Compl. ¶ 19.) Plaintiff specifically complains about the forcefulness in which he was removed from the vehicle. (House Dep. at 51-52.) Fairlane, El-Hallani, and the other security officers (the "Fairlane Defendants") then brought a motion seeking summary judgment as to the claims against them arguing that they were not acting under color of state law and that no Constitutional violation occurred.

## II.   Standard of Review

Summary judgment is appropriate only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A district court faced with a summary judgment motion must view all evidence and the inferences to be drawn therefrom in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The critical inquiry for a district court is "whether the evidence presents a sufficient

---

A:   I don't believe so.
Q:   Did --
A:   Let me clarify that. My contact with Mr. House, once at the station, I was already in the booking area when he was brought in the back door from the police garage and he was in the -- he was in the company of the Town Center officers.
Q:   Therefore, you did not see Mr. House taken out of the vehicle in which he was transported to the police department?
A:   That is correct.

(Wilcox Dep. at 32-33.) It is clear, based on this exchange, that Wilcox does not have personal knowledge regarding Plaintiff's removal from the vehicle. Therefore, contrary to Plaintiff's claim, Wilcox could not know that Fairlane officers removed Plaintiff. Further, he did not make this assertion.

³   Favazza was voluntarily dismissed on February 14, 2005.

3

> disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

*Miller v. Calhoun County*, 408 F.3d 803, 811-12 (6th Cir. 2005).

### III. Analysis

Plaintiff's Fourth and Fourteenth Amendments claims are brought pursuant to 42 U.S.C. § 1983. "To maintain an action under § 1983, a plaintiff must establish that he was deprived of a right secured by the Federal Constitution or laws of the United States by a person acting under color of state law." *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998)(quotation and citation omitted).

### A. Due Process Claim

The Fourteenth Amendment prevents states from depriving "any person of life, liberty, or property, without due process of law[.]" U.S. CONST. amend. XIV, § 1. Due Process claims are of two general types–procedural or substantive. Plaintiff does not make it clear which type he is alleging occurred. Even under the most liberal reading of the complaint, however, the Court cannot find a feasible procedural due process violation.

> Substantive due process claims are of two types. The first type includes claims asserting denial of a right, privilege, or immunity secured by the Constitution or by federal statute . . . .
> The other type of claim is directed at official acts which may not occur regardless of the procedural safeguards accompanying them. The test for substantive due process claims of this type is whether the conduct complained of "shocks the conscience" of the court.

*Mertik v. Blalock*, 983 F.2d 1353, 1367-68 (6th Cir. 1993)(citations omitted). Plaintiff is not asserting a denial of a Constitutional or statutory right. Thus, for there to be a violation, Defendants' actions must "shock the conscience."

Plaintiff claims that "upon telling [the officers] that my foot was caught, instead of trying to adjust my foot, I was just snatched out of the vehicle and that's when my foot end [*sic*] up broken." (Pl.'s Dep. at 51.)[4]  The intent of the officer is determinative because

> simple negligence does not rise to the level of a substantive due process violation. . . . The intentional infliction of injury, on the other hand, generally renders state actors liable for violations of a plaintiff's Fourteenth Amendment right to substantive due process. . . .
>    Whether conduct that lies between simple negligence and intentional harm shocks the conscience of the court depends upon the facts and circumstances of the individual case.

*Sperle v. Michigan Dept. of Corr.*, 297 F.3d 483, 491 (6th Cir. 2002)(citations omitted).

In this case, Plaintiff claims that his rights were violated when he was removed from the vehicle. However, El-Hallani testified that he did not assist in removing Plaintiff. Further, Plaintiff has not come forward with evidence that any of the Fairlane Defendants participated in this act and, thus, has not created a genuine issue of material fact. Summary judgement is therefore proper.

**B.  Unreasonable Search/Seizure Claim**

Plaintiff alleges that he was deprived of "[a] right to be free from unreasonable searches and seizures" by the Fairlane Defendants. (Am. Compl. ¶ 19.)  The Fairlane

---

[4] Plaintiff also asserts that, when he was placed in a holding cell, he complained of the injury and asked for medical help, but no help was provided.  "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being."  *DeShaney v. Winnebago County*, 489 U.S. 189, 199-200 (1989)(citation omitted); *see also Estate of Carter v. City of Detroit*, 408 F.3d 305, 311 (6th Cir. 2005)("Pre-trial detainees have a right under the Fourteenth Amendment to adequate medical treatment, a right that is analogous to the right of prisoners under the Eighth Amendment.")(citations omitted).  However, after Plaintiff was removed from the vehicle, the Fairlane Defendants did not assist or oversee Plaintiff's detention.  In other words, after Plaintiff was taken into custody at the Dearborn Police Station, the Fairlane Defendants ceased to be state actors and thus cannot be liable for this claim.

5

Defendants contend that they did not search Plaintiff and it was Wilcox who was responsible for his arrest. Plaintiff does not respond to this argument. Moreover, there is no evidence that the Fairlane Defendants searched or arrested Plaintiff. Thus, the motion is granted as to this claim.

### C. Excessive Force Claim

The parties debate whether a Fourth Amendment excessive force claim has been adequately plead. In the "Facts" section of his second amended complaint, Plaintiff states that "Defendants used excessive force on Plaintiff." (Am. Compl. ¶ 15.) In Count I (which is directed at the Fairlane Defendants), he alleges to have

> suffered deprivation of clearly established [Constitutional] rights . . . including, but not limited to:
>
> a. A right to be free from deprivation of liberty and bodily security and integrity without due process of law;
>
> b. A right to be free from unreasonable searches and seizures.

(Am. Compl. ¶ 19.) Defendants note that Plaintiff does not explicitly use "excessive force" language in this section. As noted above, however, the complaint does allege that Defendants used excessive force. Moreover, the Court must liberally construe the allegations it contains. The Court therefore finds that Plaintiff's complaint states a Fourth Amendment claim for excessive use of force. However, the only action that Plaintiff contends created a Constitutional violation was his removal him from the vehicle. There is no evidence that the Fairlane Defendants participated in this act. Thus, Defendants' summary judgment motion must be granted.[5]

---

[5] Because the Court finds that there is no evidence that the Fairlane Defendants were responsible for a Constitutional violation, it does not reach the state action issue.

**IV.     Conclusion**

For the reasons set forth above, the Court hereby orders that Defendants' motion for summary judgment [63] is GRANTED.

SO ORDERED.


            s/Nancy G. Edmunds
            Nancy G. Edmunds
            United States District Judge

Dated:  August 16, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 16, 2005, by electronic and/or ordinary mail.

            s/Carol A. Hemeyer
            Case Manager